RICHARD WOOLEY, Plaintiff-Appellant, *v.* WILLIAM COHOON, Defendant-Appellee.

(No. 71-23;

Fifth District—May 4, 1972.

Wiseman, Shaikewitz & McGivern, of Alton, (Richard Shaikewitz, of counsel,) for appellant.

John W. Hoefert, of Alton, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This case involves an automobile accident and personal injuries on a rainy, foggy November 15, 1968, in East Alton. Defendant Cohoon turned his car left onto Main Street from St. Louis Avenue and Plaintiff Wooley, in his pickup truck, hit the right rear of the Defendant's car. The Defendant's car then hit Harold May's car which was stopped on Main Street pursuant to a yield sign, waiting to turn onto St. Louis Avenue.

Plaintiff sued Defendant for bodily injury resulting from the accident. Plaintiff had also received injuries in an accident previous to this accident. The jury returned a verdict for the Defendant and Plaintiff has appealed.

Plaintiff seeks a reversal because the court refused to grant his motion for a continuance. Plaintiff sought a continuance because May, the only independent eye witness to the accident, was in the Armed Forces in Colorado and was not available at the time of trial.

■■■ The granting of a continuance is within the discretion of the court. Only an abuse of discretion is grounds for a reversal. To justify a continuance, the moving party needs to show not only that there is an absence of some material evidence but also due diligence on his part to obtain it. Here the Plaintiff knew the trial was originally set for July, 1970. The accident had occurred on November 15, 1968. Defendant's counsel stated that he told Plaintiff's attorney in April, 1970 that the witness was no longer in the area and suggested taking his deposition. Five days before the trial began both attorneys announced ready. May had been in the Armed Forces for several months and Plaintiff's attorney had had no contact with him during that time which immediately preceded his announcing ready for trial. Plaintiff's attorney did not specifically deny defense counsel's statement that he advised

him of May's absence in April. He stated he did not remember being so advised. He also stated that someone told him about a month earlier that May was still in the area but he did not recall who this individual was. Plaintiff did not attempt to subpoena the witness until October 13, 1970, the day before the trial. The facts do not show due diligence and we cannot say that the trial court abused its discretion when it refused Plaintiff's motion for a continuance.

■■ Plaintiff also maintains that the verdict was against the manifest weight of the evidence. Each party's testimony disclosed a different version of the circumstances surrounding the accident. The jury is not bound to accept either account of what occurred. From these facts we cannot say that the jury verdict was against the manifest weight of the evidence. Also, the Plaintiff's admission that he was traveling at the maximum allowable speed under adverse conditions and that his vehicle skidded when he applied the brakes would have been sufficient for the jury to have found him contributorily negligent.

■■ Plaintiff further asserts that the court committed reversible error concerning equally balanced evidence. During the *voir dire* examination the Judge, when questioning a juror, asked if the juror would find for the Defendant if the evidence was equally balanced. Any incorrect impression that statement may have been made was corrected by Plaintiff's instruction concerning Plaintiff's burden of proof coupled with the instruction defining burden of proof.

■■ Finally, the Plaintiff alleges that the trial judge committed reversible error when he asked the attorneys if they wanted to offer the Defendant's discovery deposition into evidence bcause it is the best evidence. The Plaintiff objected and the Judge then made the following statement: "Ladies and Gentlemen of the Jury, I don't want you to get the impression someone doesn't want to offer the deposition. I merely asked the question if both of the attorneys wanted to submit the deposition by agreement, I would permit that to be done. Technically, depositions cannot be entered into evidence without agreement. So that is the reason Mr. Shaikewitz objected. He didn't understand the basis of my question. I think you all understand there is no wish on his part to keep any information from going before the jury." It would have been better if the remark had not been made, but in view of all the circumstances, we find it was not reversible error.

Judgment affirmed.

EBERSPACHER, P. J., and JONES, J., concur.